UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LANCE COFIELD,

Plaintiff,

-vs-

GATEWAY LONGVIEW, INC.

Defendant.

25-CV-0962 (MAV)

ORDER

Plaintiff Lance Cofield filed the present action in October 2025 alleging federal and state law claims against his former employer, Gateway Longview, Inc. ("Gateway"). ECF No. 1. Plaintiff did not pay the filing fee but applied for leave to proceed in forma pauperis ("IFP"). ECF No. 2. Subsequently, he also filed a motion for default judgment (ECF No. 7), and a motion for service by the United States Marshals (ECF No. 8).

As an initial matter, the Court denies without prejudice Plaintiff's motions for default judgment and service by the Marshals. Rule 4(b) of the Local Rules of Civil Procedure of the Western District of New York authorizes service by the United States Marshals only after a pro se plaintiff has been authorized to proceed IFP. *See, e.g., Meadows v. Erie Cnty. Dep't of Soc. Servs.*, No. 23-CV-920-LJV, 2024 WL 2319829, at *1 n.1 (W.D.N.Y. May 22, 2024) (discussing Loc. R. Civ. P. 4(b)). Here, Plaintiff's complaint did not proceed to service, because his motion for IFP was still pending. Further, "[a] default judgment may not be granted . . . if the defendant has not been effectively served with process." *Doe v. Alsaud*, 12 F. Supp. 3d 684, 687 (S.D.N.Y. 2014) (internal quotation marks and citation omitted). Here, because Plaintiff's complaint did not proceed to service, default judgment may not be granted.

However, the Court has now reviewed Plaintiff's motion to proceed IFP and his

supporting affirmation required under 28 U.S.C. § 1915(a), and finds that Plaintiff has met the statutory requirements and may proceed in this matter IFP. Because Plaintiff is proceeding IFP, the Court has conducted an initial screening of Plaintiff's complaint using the 28 U.S.C. § 1915(e)(2) criteria. Based on the Court's screening, the Court finds that Plaintiff's complaint must be dismissed, but with leave to amend or reassert several of his claims.

## BACKGROUND

The following background is drawn from Plaintiff's pro se complaint and supplemental submissions. ECF Nos. 1, 3, 9. The Court has accepted all factual allegations as true, and draws all reasonable inferences in Plaintiff's favor. *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003).

According to his submissions, Plaintiff was employed as a youth care professional by Gateway, a non-profit organization headquartered in Erie County, New York. ECF No. 1 at 9; ECF No. 3 at 1; ECF No. 9 at 7.[1] Plaintiff alleges that on a "no fault happened [on] July 8th 2025," which caused "symptoms" and "bulging discs." ECF No. 1 at 1, 4; ECF No. 3 at 1. Then, on or about August 27, 2025, he participated in a work-sponsored field day event at Gateway's campus in Williamsville, New York. *Id.* at 9. While playing in a kickball game on campus, Plaintiff stepped into an unmarked beaver hole. *Id.* His injuries from this incident included shin pain, hip and back numbness, ankle discomfort, and a minor sharp pain in his lower back, and a worsening of his "no fault symptoms." *Id.* at 4, 9; ECF No. 3 at 1.

---

[1] The page numbers refer to the pagination generated by the Court's CM/ECF system in the upper-right hand corner of each document.

On August 29, 2025, Plaintiff reported his injury through Gateway's web-based reporting system, but Plaintiff alleges that Gateway failed to follow-up, provide medical assistance, or file a proper workers' compensation claim. *Id.* Plaintiff then independently filed a New York State Workers' Compensation claim. *Id.* at 10. Shortly thereafter, Plaintiff was informed that he could be cut from staff due to "overstaffing." *Id.* At some point, Plaintiff was allowed to return to work "without clearing conditions of work related injury while knowing [he] was under treatment." *Id.* at 1. On September 21, 2025, Plaintiff was told to obtain a "restriction form." ECF No. 3 at 2. It appears that Plaintiff's employment with Gateway ended soon thereafter. ECF No. 9.[2] He alleges that he worked approximately one hour on September 21, 2025, but that his "final paycheck issued on September 30, 2025 did not include payment for that hour." ECF No. 9 at 1.

Plaintiff filed the instant complaint on October 1, 2025. ECF No. 1.

## LEGAL STANDARD

Section 1915 of Title 28 of the United States Code "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). A complaint filed pro se must be "liberally construe[d]" and "interpret[ed] . . . to raise the strongest arguments it suggests." *Abbas*, 480 F.3d at 639 (citing *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002)). Nevertheless, the Second Circuit has instructed courts not to "read into pro se submissions claims that are not consistent with

[2] As the docket indicates, Plaintiff made a supplemental filing in early December 2025. ECF No. 9. However, because that filing did not comply with Fed. R. Civ. P. 5.2(a), his submission was filed under seal.

the pro se litigant's allegations or arguments that the submissions themselves do not suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006).

In the first step of the § 1915 screening inquiry, the Court must determine whether it has subject-matter jurisdiction over the plaintiff's claims. Federal courts are courts of "limited jurisdiction," which means that they cannot hear just any case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court can typically adjudicate only three types of claims:

> (1) those that "aris[e] under the Constitution, laws, or treaties of the United States"—so-called "federal question" jurisdiction under 28 U.S.C. § 1331; (2) disputes between citizens of different states, where the amount in controversy exceeds $75,000—"diversity jurisdiction" under 28 U.S.C. § 1332; and, under certain circumstances, (3) other claims that are "so related" to an "original jurisdiction" claim that they "form part of the same case or controversy under Article III of the United States Constitution"—"supplemental jurisdiction" under 28 U.S.C. § 1367(a).

*Dor v. Google LLC*, No. 3:25-CV-01915 (SVN), 2026 WL 438112, at *2 (D. Conn. Feb. 13, 2026). If "the Court 'determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.'" *Jones v. Free & Accepted Masons*, 685 F. Supp. 3d 148, 151 (W.D.N.Y. 2023) (collecting cases and quoting Fed. R. Civ. P. 12(h)(3)).

Next, the Court must dismiss the complaint, or any portion thereof, if it determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief may be granted "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). On the other hand, a complaint sufficiently states a claim when it is "facially plausible";

that is, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Generally, where screening reveals that a complaint is deficient, a pro se plaintiff must be allowed an opportunity to amend or to be heard prior to dismissal "unless the [C]ourt can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). That said, leave to amend is properly denied where amendment would be futile. *See, e.g., Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

## DISCUSSION

At the outset, the Court notes that Plaintiff's assertion that this Court has diversity jurisdiction under 28 U.S.C. § 1332 is inaccurate. ECF No. 1 at 9. Although the amount in dispute is over the statutory minimum, Plaintiff has not presented evidence that the parties are citizens of different states: both appear to be citizens of New York. Nevertheless, construing Plaintiff's papers to present the strongest arguments they suggest, it appears that Plaintiff presents federal claims over which the Court may exercise federal question jurisdiction under 28 U.S.C. § 1331. Specifically, Plaintiff appears to present federal claims against Gateway for violation of the Occupational Safety and Health Act ("OSHA," 29 U.S.C. § 660) by retaliating against him for reporting workplace injury, failure to accommodate under the Americans with Disability Act ("ADA"), and violation of the Fair Labor Standards Act ("FLSA," 29 U.S.C.

§ 206). Additionally, provided the federal claims are viable, the Court could elect to exercise supplement jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims for negligence, retaliation for reporting workplace injury, the New York State Human Rights Law, and violation of New York Labor Law §§ 191, 193, and 198.

**I. Plaintiff's Federal Claims**

Yet although the Court has subject matter jurisdiction over Plaintiff's federal claims, Plaintiff fails to adequately allege any of those claims.

For one, the Second Circuit has made clear that, "'[u]nder OSHA, employees do not have a private right of action.'" *Ioio v. City of New York*, No. 24-3252, 2026 WL 731089, at *3 (2d Cir. Mar. 16, 2026) (quoting *Donovan v. OSHRC*, 713 F.2d 918, 926 (2d Cir. 1983)). Rather than file a claim in federal court, any employee who believes that he has been discharged or otherwise discriminated against because he has filed any complaint or instituted or caused to be instituted any proceeding related to OSHA must, within thirty days after such violation occurs, file a complaint with the Secretary of the Department of Labor alleging such discrimination within thirty days of the violation. *See* 29 U.S.C. § 660(c). If the Secretary determines that OSHA has indeed been violated, then the Secretary – and not the aggrieved individual – is authorized to prosecute an action against the employer in federal court. *Id.* Therefore, Plaintiff's federal retaliation claim must be dismissed without leave to amend. *See, e.g., Toussaint, et al. v. One Brooklyn Health System, et al.*, No. 1:24-CV-07573 (RPK) (LKE), 2026 WL 2687269, at *2 (E.D.N.Y. Sept. 14, 2026) (finding private plaintiffs cannot bring claims in federal court under OSHA).

Plaintiff's complaint also fails to state a claim that Gateway violated the ADA by

making him return to work without accomodation. "To make out a *prima facie* disability discrimination case based upon a failure to accommodate, a plaintiff must establish that: '(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.'" *Tafolla v. Heilig*, 80 F.4th 111, 118 (2d Cir. 2023) (quoting *McBride v. BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 97 (2d Cir. 2009)). In the present case, despite his allusion to his "symptoms," Plaintiff has failed to adequately allege he is a person with a disability under the ADA, or that he sought and was refused accommodations. Accordingly, Plaintiff's ADA claim must be dismissed with leave to amend.

Lastly, Plaintiff's complaint fails to state a claim that Gateway violated the FLSA. In his complaint, Plaintiff alleges that Gateway's failure to pay him for the one hour he worked on September 21, 2025 violated 29 U.S.C. § 206, the minimum wage provision of the FLSA. ECF No. 9. "To state a minimum wage claim under the FLSA, a plaintiff must allege that (1) she was defendant's employee, (2) her work involved interstate activity, and (3) that she worked hours for which she did not receive minimum and/or overtime wages." *Moses v. Griffin Indus.*, LLC, 369 F. Supp. 3d 538, 544 (S.D.N.Y. 2019). Assuming, without finding, that Plaintiff has satisfied the first and third element, the Court finds that he has failed to demonstrate that his work involved interstate activity.

Section 206(a) identifies two modes by which a plaintiff may satisfy the "interstate activity" element of a minimum wage claim: by demonstrating that he is

engaged in interstate commerce or in the production of goods for interstate commerce, or is employed by an enterprise that is engaged in interstate commerce or in the production of goods for interstate commerce. 29 U.S.C. § 206(a). Here, Plaintiff does neither. He does not make any allegations that he personally is engaged in interstate commerce, as he appears to have been a "youth care professional," assigned to "monitor youth, [crisis] prevention, and de-escalation." ECF No. 9 at 7. Further, he does not adequately allege that Gateway was an enterprise engaged in interstate commerce, but merely that it was a non-profit "placement or respite home" headquartered in Erie County, New York. ECF No. 1 at 9, 13. Plaintiff's claim for violation of the FLSA must therefore be dismissed for failure to state a claim, but with leave to amend.

**II. Plaintiff's State Law Claims**

Having found no merit in Plaintiff's federal claims against Gateway, the Court declines at this time to exercise supplemental jurisdiction over Plaintiff's state law claims.

A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367, which states that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). "Supplemental jurisdiction may be declined, however, where all claims over which the Court had original jurisdiction have been dismissed." *Spring v. Cnty. of Monroe, N.Y.*, 103 F. Supp. 3d 361, 366 (W.D.N.Y. 2015) (citing 28 U.S.C. § 1367(c)). The Second Circuit has stated that, "in the usual case in which all federal-law claims are eliminated before trial, the

balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). The relevant factors include judicial economy, convenience, fairness and comity. *Id.*

The Court finds that in the instant case, the interests considered under the pendent jurisdiction doctrine are best served by declining to exercise supplemental jurisdiction. Accordingly, Plaintiff's state law claims are dismissed without prejudice to refiling either in an amended complaint in this Court, or in state court.

## CONCLUSION

For the reasons above, Plaintiff's motions for default judgment and service by the Marshals are denied without prejudice, but his motion to proceed IFP is granted. After screening the complaint under 28 U.S.C. § 1915(e)(2)(B), Plaintiff's claim under OSHA for retaliation for reporting a workplace injury is dismissed without leave to amend. But Plaintiff will otherwise be permitted to replead the remainder of claims – including his claim under the ADA and his minimum wage claim under the FLSA – in an amended complaint.

Plaintiff is advised that an amended complaint **completely replaces** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any amended complaint must include all allegations against each Defendant so that the amended complaint stands alone as the only complaint in this action.

Plaintiff is further advised that he has been granted leave to amend only those claims addressed above. A district court has the inherent authority to dismiss claims

that exceed the scope of the court's order granting leave to amend. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (collecting cases).

**ORDER**

IT HEREBY IS ORDERED that Plaintiff's motion to proceed IFP, ECF No. 2, is GRANTED; and it is further

ORDERED that Plaintiff's motions for default judgment, ECF No. 7, and for service by the Marshals, are DENIED WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff's federal claim for a violation of OHSA is DISMISSED WITHOUT LEAVE TO AMEND under 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

ORDERED that Plaintiff's federal claims for violation of the ADA and the FLSA are DISMISSED WITH LEAVE TO AMEND under 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

ORDERED that the Court declines at this time to exercise supplemental jurisdiction over Plaintiff's state law claim; and it is further

ORDERED that Plaintiff may file an amended complaint as directed above by no later than **October 30, 2026**; and it is further

ORDERED that the Plaintiff shall be sent, with this order, a copy of the original complaint, a non-prisoner complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Plaintiff does not file an amended complaint by **October 30, 2026**, the claims dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), will remain dismissed and the Clerk of the Court shall close this case as dismissed without further order; and it is further

ORDERED that in the event the complaint is dismissed because Plaintiff has failed to file an amended complaint, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated: September 17, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge